Honorable _____

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| NAKIA CAMPBELL,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDERAL RESERVE BANK of SAN FRANCISCO; KYLE CAMPBELL, Individually and in his official capacities; DONALD WILLIAM PERKINS, Individually and in his official capacities; NATHAN LENDON THOMAS in his individual and official capacities and their marital community with JANE DOE THOMAS, Does 1-5,<br><br>    Defendants. | No.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>1. RACE DISCRIMINATION and/or Hostile Work Environment in Violation of 12 USC 1831(j)(a)(1)(a) *et seq*; TITLE VII of the Civil Rights Act of 1964, 42 USC 2000e; against the Federal Reserve Bank and R.C.W. 49.60 against all individuals<br><br>2. SEX DISCRIMINATION and/or Hostile Working Environment in Violation of 12 USC 1831(j)(a)(1)(a) *et seq*; TITLE VII of the Civil Rights Act of 1964, 42 USC 2000e against the Federal Reserve Bank and R.C.W. 49.60 *et seq.*; against all individual Defendants<br><br>3. RETALIATION and/or Hostile Working Environment in Violation of 12 USC 1831(j)(a)(1)(a) *et seq*; TITLE VII of the Civil Rights Act of 1964, 42 USC 2000e against the Federal Reserve Bank and R.C.W 49.60 *et seq.* and/or Hostile Working Environment against individual Defendants |

PLAINTIFF'S COMPLAINT
FOR DAMAGES      Page 1 of 15

*Beverly Grant* Law Firm, P.S.
5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

COMES NOW, Plaintiff, by and through her attorneys of record, Beverly Grant and Jeffery D. Bradley of the Beverly Grant Law Firm, P.S., alleges as follows and submits the following Complaint for Damages.

## I. PARTIES

1.1 Plaintiff, Nakia Campbell ("Plaintiff"), at all times material hereto, was over the age of eighteen (18), a resident of Pierce County, Washington and an employee of Defendant Federal Reserve Bank of San Francisco, Seattle Branch ("Defendant Bank") at Renton, Washington which is in the 12th District in the Federal Reserve System. The 12th District includes Arizona, California, Oregon, Utah and Washington.

1.2 Plaintiff remained the only female supervisor in her department at Defendant Bank after Wanda Townsend left in 2016.

1.3 Plaintiff is African American. At all times material herein, she was the single mother of her minor son. She was recruited from the Dallas, Texas Federal Reserve by Wanda Townsend, then Chief of Seattle Police Services Department, a department within Defendant Bank, to work in Renton, Washington. Prior to accepting the position with Defendant Bank, Plaintiff made it clear that she would accept the position, but that it was mandatory as a single parent for her to have working hours accommodation in order to pick up her son from school. In order to get this accomplished, she preferred the day shift. Initially, Defendants accommodated her request, but later reneged and started retaliating against her as described below.

1.4 In 2015, Plaintiff obtained a master's degree in Professional Development with a concentration on Criminal Justice from Dallas Baptist University. She received her Bachelor

PLAINTIFF'S COMPLAINT
FOR DAMAGES        Page 2 of 15

Beverly Grant Law Firm, P.S.
5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

of Science degree from Texas Southern University in 2010. Additionally, she received a certification in Project Management in 2017 from the University of Washington at Tacoma. She received an esteemed Peace Officer Standards and Training (POST) Supervisory Certification from the Golden West College in Huntington Beach, California in 2016. This certificate is distinct and coveted by most police officers and rarely offered to bank police supervisors.

  1.5 Plaintiff was "Employee of the Quarter" for fourth quarter 2017 and the Lead for the Women's Professional Network ("WPN") in Seattle. She established this organization at the Seattle location. Plaintiff also served on several committees and repeatedly received numerous recognitions for her contributions to the WPN and many other community organizations. These efforts by Plaintiff benefited Defendant Bank and shone a favorable light throughout the entire 12th District of Defendant Bank.

  1.6 Plaintiff began her employment with Defendant Federal Reserve on December 1, 2015. She was assigned to the Seattle office dayshift and remained in that department until she was placed on medical leave due to the discrimination on December 2018.

  1.7 In July 2018, Plaintiff received a performance review signed by Defendant Thomas who wrote:

> "Engagement-You are fully engaged and invested in your work. You want to see the team be successful and you look for ways to make it happen. Through your actions you show that you care about your team and want to find ways to help them develop professionally and reach their goals…
> Accountability-One of the things I value most about the skills you bring to the Lieutenant cadre is how well you hold yourself and others accountable to commitments. …
> Collaboration-You work hard to engage your team and incorporate their suggestions and feedback. You also work extremely well with other areas of the Bank and represent the Department well to our business partners. When there is a

PLAINTIFF'S COMPLAINT
FOR DAMAGES Page 3 of 15

Beverly Grant Law Firm, P.S.
5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

need to communicate outside of police services you do so with professionalism and clarity.
Development-There is nothing that you cannot accomplish when you set your mind to getting it done. You have made significant contributions to the Fed through your efforts to develop professionally. For example, you were the driving force behind bringing the WPN to the Seattle office and achieving this milestone for the branch regarding ERG's. You are driven to be successful. You set effective and meaningful goals and you have a plan for the future…"

1.8   Defendant Bank at all times material herein, is a group of conglomerate corporations and families. It is considered the bank of all banks and is the central bank that controls policies and the world's money.

1.9   Defendant Bank does business in the State of Washington and has continuously had over three hundred (300) employees. Further, Defendant Bank is believed to receive federal and state contracts for the services it provides to its citizens and government. One of the key conditions of it receiving said contracts is that it will not discriminate and/or retaliate because of race, sex etc.

1.10   Defendant Kyle Campbell ("Defendant Campbell") is Caucasian, at all times material herein, was a resident of King County, Washington and is/was employed by Defendant Bank. He is not related to Plaintiff. All acts performed by Defendant Campbell were performed on behalf of Defendant Bank in his individual and/or official capacities.

1.11   Defendant Campbell at all times material herein, initially was a Sergeant and was considered a supervisor, but not for Plaintiff. He had daily interaction with Plaintiff.

1.12   Defendant Donald William Perkins ("Defendant Perkins") is Caucasian, at all times material hereto, was a resident of Pierce County, Washington and is/was employed by Defendant Bank, initially as a Captain when Plaintiff started and is now the Chief of the Seattle Police Services Department.

PLAINTIFF'S COMPLAINT
FOR DAMAGES                    Page 4 of 15

Beverly Grant Law Firm, P.S.
5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

1.13    Defendant Thomas is Caucasian, at all times material hereto, was a resident of Pierce County, Washington and is/was employed by Defendant Bank as a Captain.

1.14    Both Defendants Perkins and Thomas had direct supervisory control over Plaintiff, and both were considered managers of Defendant Bank.

1.15    Defendants Does 1 – 5, at all times material hereto, are individuals unknown at this time. All acts performed by John Does 1 - 5 were performed on behalf of Defendant Bank in their individual, marital and official capacities. Plaintiff reserves the right to amend her Complaint to add additional parties should it become necessary.

1.16    Upon information and belief, any additional persons who engaged in tortious actions against Plaintiff will be identified and joined later in this lawsuit.

## II. JURISDICTION AND VENUE

2.1    Jurisdiction is proper in this Court because Plaintiff's claims arise under federal law, Washington laws, Violation of 12 USC 1831(j)(a(1)(a) *et seq* and/or TITLE VII of the Civil Rights Act of 1964, 42 USC 2000e-16a *et seq*.

2.2    Venue is proper in Pierce County Superior Court pursuant to RCW 4.12.020 as Defendant Bank conducts business in Tacoma, Pierce County, Washington.

2.3    This court has personal jurisdiction over the Defendants.

2.4    This court also has pendent jurisdiction over the Defendants pursuant to RCW 49.60.

## III.    NATURE OF THE CASE

3.1    This is an action brought under federal and state claims for: (1) race discrimination and/or hostile work environment; (2) sex discrimination and/or hostile work environment (3) retaliation. and hostile work environment.

PLAINTIFF'S COMPLAINT
FOR DAMAGES                Page 5 of 15

Beverly Grant Law Firm, P.S.
5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

3.2  Plaintiff alleges that she was subjected to race discrimination in the terms and conditions of her employment at Defendant Bank.

3.3  Plaintiff alleges that she was sexually physically assaulted by Defendant Campbell in 2016. She immediately reported the incident to Chief Wanda Townsend, who told her that she (Plaintiff) "needed to figure out how to move pass it and continue to work with him." Defendant Campbell continued to verbally make unwelcomed sexual comments at Defendant Bank through 2018. Plaintiff continued to ask Defendants Perkins and Thomas to meet with her to talk about concerns she had about Defendant Campbell. Those meetings never took place and instead Plaintiff was subjected to more harassment and retaliation.

3.4  Plaintiff sought a promotional advancement to Lieutenant and was denied that opportunity. The position was given to a Caucasian male, who had less education and experience than Plaintiff.

3.5  Plaintiff claims that after she filed her internal complaint for discrimination in November 2018, harassment and retaliation she received more retaliatory acts towards her. Her complaints to her superiors only intensified the hostile working environment, so much so that she was placed on leave by her physician on December 4, 2018.

3.6  Throughout her employment, Plaintiff complained about the discriminatory and retaliatory acts to the Defendants, including voicing her concerns to Wanda Townsend, Chief, later director, Dawn Hennings, Group Vice-President of Police Services Department, and the Human Resources Department without success. On March 7, 2019 Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On October

PLAINTIFF'S COMPLAINT
FOR DAMAGES                     Page 6 of 15

*Beverly Grant* Law Firm, P.S.
5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

29, 2019 Plaintiff received her Notice of Right to Sue letter. Plaintiff files this complaint within ninety (90) days of receipt of that EEOC letter.

3.7 As a result of Defendants' unlawful behavior, Plaintiff has suffered damages in amounts to be proven at trial.

## IV. CAUSES OF ACTION

**1. RACE DISCRIMINATION and/or Hostile Work Environment in Violation of 12 USC 1831(j)(a)(1)(a) *et seq*; TITLE VII of the Civil Rights Act of 1964, 42 USC 2000e; RCW 49.60 et al against all Corporate Defendants and the Board of the Federal Reserve**

Plaintiff adopts the preceding paragraphs by reference as though fully alleged and further states the following facts:

4.1 Failure to Promote: In December 2017, Plaintiff applied for a Lieutenant position for which she was well qualified. She was denied that position, which went to a Caucasian male, Brandon Hannasch. Plaintiff asserts that Hannasch had less corporate banking experience and education than Plaintiff.

4.2 Neither Defendants Perkins nor Thomas protected Plaintiff against Defendant Campbell or Hannasch. Other employees had reported to Defendant Perkins in his Upward Feedback that they overheard Hannasch making comments about Plaintiff. They felt he was doing this because Plaintiff was a woman.

4.3 Defendant Bank continued to make Plaintiff's work environment hostile and untenable.

4.4 Upon her initial hire, Plaintiff was asked to train a Caucasian male supervisor, when she herself requested training, she was denied.

PLAINTIFF'S COMPLAINT
FOR DAMAGES                    Page 7 of 15

Beverly Grant Law Firm, P.S.
5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

4.5     Plaintiff was also required to conduct trainings for existing officers. Additionally, she was responsible for "onboarding"[1] new police officers in getting them prepared for entry into the police academy.

4.6     The refusal to train Plaintiff occurred several times. Yet, other Caucasian males were trained for the same position.

4.7     Throughout her employment with Defendant Bank, Plaintiff was subjected to unfair treatment and was treated differently than her white male counterparts.

**2.     SEX DISCRIMINATION in Violation of 12 USC 1831(j)(a)(1)(a) *et seq*; TITLE VII of the Civil Rights Act of 1964, 42 USC 2000e RCW 49.60 *et seq.*; and/or Hostile Working Environment against All Defendants**

Plaintiff adopts the preceding paragraphs by reference as though fully alleged herein and further states the following facts:

5.1     Plaintiff, as a Sergeant (2016-2018), was ordered to perform work of an unqualified male who was higher in rank (e.g. Lieutenant Hill) than Plaintiff, without compensation or recognition.

5.2     In 2016 at a meeting with Lt Hill and Defendant Perkins, Plaintiff asked if she could attend a training for instructor development. She was denied this opportunity as Defendant Perkins said that there was nothing for her to instruct.

5.3     Male officers were allowed to attend this training.

5.4     There were no females allowed to attend this training when Defendants Thomas and Perkins were in charge. Plaintiff was told by Defendant Perkins that he would find

---

[1] Onboarding is getting a new officer acclimated into the department through introduction of the Defendant Bank's culture regarding benefits, policies and procedures.

PLAINTIFF'S COMPLAINT
FOR DAMAGES                Page 8 of 15

*Beverly Grant* Law Firm, P.S.
5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

something for the women in the department to do, so they could feel just as important as the male officers.

5.5     Later, Lt. Hill told Plaintiff that he and Defendant Perkins had talked and that they decided to add a potluck committee as a collateral duty for the women officers only, so that the women in the department would have something to do.  He further told Plaintiff that they would place Plaintiff and two (2) other females in charge of that committee. It was disbanded in 2017.

5.6     In 2017, Plaintiff asked why women were not being hired and was told by Lt. Hill that the reason was, "because women were crazy and that they could not pass the personal history questionnaire."  At that time there were approximately twenty-five (25) men who were hired and only two (2) women were hired in a six (6) year period.

5.7     On April 16, 2018, Plaintiff was an Administrative Lieutenant whose duties included supporting Defendant Thomas and Defendant Perkins.

5.8     Plaintiff attended a weekend training at the Defendant Bank's location on November 3, 2018.  Present at that meeting were the officers, the day shift sergeants, Defendants Thomas and Perkins along with Director Wanda Townsend.

5.9     During this meeting, Defendant Thomas gave Plaintiff instructions as to what she should do with her officers.  Defendant Campbell leaned over the table and yelled across at Plaintiff.  He raised his voice and was very intense telling Plaintiff that it was not her job to delegate, even though he had heard the Captain, Defendant Thomas, clearly instruct Plaintiff to do so.  Plaintiff at the time was Defendant Campbell's supervisor and she was simply following the direct orders as given by her Captain, Defendant Thomas.

PLAINTIFF'S COMPLAINT
FOR DAMAGES                     Page 9 of 15

Beverly Grant Law Firm, P.S.
5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

5.10   No one intervened on Plaintiff's behalf during Defendant Campbell's outbursts and inappropriate conduct. Plaintiff spoke to defend herself by saying that she was following the direct orders of Defendant Thomas that Defendant Campbell and other officers had just heard him give to Plaintiff.

5.11   Plaintiff was immediately pulled from the training room by Defendant Thomas (who had given her the direct order) and told Plaintiff that she needed to be more like Defendant Campbell. She was told that Defendant Campbell when he had issues at Defendant Bank, he knew how to brush it off more readily than Plaintiff.

5.12   Defendant Perkins did not intervene on Plaintiff's behalf nor reprimand Defendant Campbell for his outburst. Defendant Perkins told Plaintiff that she would never be able to come back from that episode. Defendant Campbell was allowed to disrespect Plaintiff in front of all her officers.

5.13   Defendant Thomas forced Plaintiff into the training room and ordered her to apologize to Defendant Campbell. Plaintiff was told that she had no other options but to return to the training room despite her telling Defendant Thomas that she was suffering from an anxiety attack. She complied with his order.

5.14   When Plaintiff was taken from her Administrative Lieutenant position in 2018, Defendant Bank gave her position to Lt. Hill (even though he did not possess the administrative skills for that position) and she was placed in his position as Operation Lieutenant. Plaintiff was forced to perform the tasks of operations as well as Lt. Hill's duties. This, and other incidents were indicative of the suppression of Plaintiff as a woman at the workplace.

PLAINTIFF'S COMPLAINT
FOR DAMAGES                    Page 10 of 15

Beverly Grant Law Firm, P.S.
5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

5.15     Plaintiff was denied opportunities to vent her complaints and as a result there was never any resolution to her concerns. Plaintiff repeatedly sought to communicate and have meetings with the Defendants, but to no avail. In contrast, complaints from men were readily handled and resolved.

5.16     Plaintiff suffered damages as a result of Defendants' violations of the sex discrimination in amounts to be proven at trial.

**3.     RETALIATION in Violation of 12 USC 1831(j)(a)(1)(a) *et seq*; TITLE VII of the Civil Rights Act of 1964, 42 USC 2000e RCW 49.60 *et seq.* and/or Hostile Working Environment against All Defendants**

Plaintiff adopts the preceding paragraphs by reference as though fully alleged and further states the following facts:

6.1     Throughout Plaintiff's employment, she continuously complained about the discriminatory practices of the Defendants. Initially, she reported the sexual harassment incidents (verbal and physical misconduct) to Chief Wanda Townsend in her office and later at a restaurant. Chief Townsend told Plaintiff that, "in order to be a good leader she (Plaintiff) needed to figure out how a way to work past this." She also told Plaintiff that she, "had her own experiences with sexual harassment in the department."

6.2     Chief Townsend was soon promoted to a Director position. She did nothing to correct the hostile working environment and discrimination experienced by Plaintiff. Townsend was rarely accessible to Plaintiff as she was not present in the office.

6.3     During 2017, Plaintiff met with Lt. Hill and Defendant Perkins to discuss her interaction with Defendant Campbell. Plaintiff told them during that meeting that Defendant

PLAINTIFF'S COMPLAINT
FOR DAMAGES                              Page 11 of 15

Beverly Grant Law Firm, P.S.
5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

Campbell had done something offensive to her during the 2016 training and that she had reported it to the then Chief Wanda Townsend.

6.4    Plaintiff told them that Defendant Campbell should have been fired for what he had done to her and that she had to be treated by an ER physician for anxiety due to Defendant Campbell's actions. Plaintiff also told Defendant Perkins and Lt. Hill that she wanted to speak to someone in Human Resources.

6.5    Plaintiff was told by Defendant Perkins and Lt. Hill that, "we don't go to H.R. in this department because that is an embarrassment on the department, and you don't want to embarrass the department."

6.6    As time continued in 2017, Plaintiff stayed away from Defendant Campbell, who started making complaints about her. She believed that these complaints were directly related to her request to talk with H.R. as well as her disclosure of the 2016 incident with Defendant Campbell. The Defendants treated her differently as a result of her asking to speak to H.R.

6.7    Plaintiff asserts that she was treated differently in the terms and conditions of her employment for having brought these discriminatory practices to the attention of the Defendants.

6.8    Plaintiff submitted an application to transfer to the Facilities Management Department who had posted a supervisory job position in 2017. Plaintiff had two (2) interviews and was scheduled for a third. Plaintiff informed Defendant Thomas and her direct Lieutenant that she was scheduled for a third interview. The day of her third interview, which was to start at 10:00 am on the third floor of Defendant Bank's office, Plaintiff was called into Defendant

PLAINTIFF'S COMPLAINT
FOR DAMAGES                     Page 12 of 15

Beverly Grant Law Firm, P.S.
5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

Thomas' office and ordered to leave Defendant Bank's premises immediately as she was being placed on administrative leave. This was done just four (4) hours before her third interview. An email was sent to the entire Department alerting everyone that Plaintiff had been placed on administrative leave. Plaintiff was not told at that time why she was placed on administrative leave or whether or not she was being fired. Defendant Perkins said to Plaintiff that, "it would not make sense to tell you why you are being placed on leave."

6.9     As a result, Plaintiff missed her third interview and possible transfer from the department. The interview was to have taken place on the premises, but Plaintiff was told that she was not allowed to remain on Defendant Bank's properties.

6.10    Plaintiff texted the Regional Director informing that she had been placed on leave and was not given an explanation as to why. It is common knowledge that when an employee is placed on administrative leave that they are to immediately leave the premises and not allowed to return without permission.

6.11    The next night on August 8, 2017, Plaintiff received a call from Defendant Thomas who said, "Good News! You can return to work in the morning." Plaintiff said she was uncomfortable to return to work without an explanation as to why she had been placed on administrative leave. He still refused to give her one.

6.12    On the morning of August 9, 2017, Plaintiff was placed on a Performance Improvement Plan. She was also yelled at by Defendant Perkins who called her a liar, said that she had lied to HR about them (Defendants Bank and Perkins) and made Plaintiff leave from work with all of her personal belongings in a box. Defendant Perkins said he had been told this statement by his friend in HR.

PLAINTIFF'S COMPLAINT
FOR DAMAGES                Page 13 of 15

Beverly Grant Law Firm, P.S.
5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

6.13   None of this was true. Defendant Perkins further stated to Plaintiff, "Do you think I am going to believe you over my friend?" Plaintiff had not at that time discussed the administrative leave with H.R., or anyone else.

6.14   The Personal Improvement Plan (PIP) stated that she had violated some policies. All of these allegations were unfounded. Plaintiff asserts that she was placed on a PIP to prevent her from transferring out of the department and to hinder her from applying for a promotion to Lieutenant. All of these acts were retaliatory.

6.15   In the fourth quarter of 2017, Plaintiff received an "Employee of the Quarter" which was the same quarter that her PIP ended.

6.16   Plaintiff suffered more retaliation in 2018. She was called in the office three (3) times and Defendants told her that she should knock off her overtime, even though she had worked the hours; she was dismissed from an Administrative Lieutenant position that she had been told by Defendants that they created for her based on her skills. They instead placed Lt. Hill in that position because he had wanted that title for the last three (3) years; they tried to force Plaintiff into working a set schedule in the Records Administration room when none of the men were required to so; Lieutenant/Captain Meeting times were changed from 10:00 am every Monday by Defendant Thomas to 11:00 am, knowing that Plaintiff was scheduled for her EAP appointments at that time. As a result, Plaintiff missed out on essential information shared at those meetings, which placed Plaintiff at a disadvantage in performing her job duties causing further retaliation to her.

6.17   During July 2018, Plaintiff gave a presentation on the Golden Circle which emphasizes, "why employees in the work that they do are important and why it is important for

PLAINTIFF'S COMPLAINT
FOR DAMAGES                    Page 14 of 15

Beverly Grant Law Firm, P.S.
5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

managers to make sure everyone is included." Defendant Perkins disagreed and he and Defendant Thomas met with Plaintiff the next day, with Perkins on the speakerphone. She was yelled at by both Defendants Perkins and Thomas saying that she should be fired, could be fired and that because of her presentation, Plaintiff made him, Defendant Perkins, look bad. Defendant Perkins said he was going to remove her from the Administrative Lieutenant position even though he told her that she could support the department better than anyone else in that role, including Lt. Hill.

6.18   Plaintiff sought to be placed on FMLA and her therapist had her leave start on December 7, 2018. She was dismissed by Defendant Thomas as soon as he got the message, before her leave had been started.

6.19   Plaintiff continued to suffer from Defendants' retaliatory acts through July 2019. She seeks damages to be proven at the time of trial.

## VI.   RELIEF REQUESTED

a)   Past and future special damages as proven at trial, including interest on all liquidated damages;
b)   Past and future general damages as proven at trial;
c)   Punitive damages, where allowed by law;
d)   Damages allowed under all applicable laws;
e)   Reasonable attorney fees and costs, including expenses of litigation, filing fees, service of process, and/or prejudgment interest.
f)   Such other relief as the Court deems proper.

DATED this 27th day of January 2020.

BEVERLY GRANT LAW FIRM, P.S.

By: /s/ Beverly Grant
Beverly Grant, WSBA No. 8034
By: /s/ Jeffery D. Bradley
Jeffery D. Bradley, WSBA No. 27726
Attorneys for Plaintiff

PLAINTIFF'S COMPLAINT
FOR DAMAGES                    Page 15 of 15

Beverly Grant Law Firm, P.S.
5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454